**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

K.C., a minor, by and through her guardian ad litem Carolina Navarro; A. S., a minor, by and through her guardian ad litem Araceli Saenz; CAROLINA NAVARRO, guardian ad litem on behalf of K.C.; ARACELI SAENZ, guardian ad litem on behalf of A.S.; AMBER NEUBERT, guardian ad litem on behalf of K.C.; JACQUELINE LAWRENCE; KEITH CHILDRESS Sr., Individually and as Successor in interest to Keith Childress, Jr., deceased; FREDERICK WAID, as special administrator of the Estate of Keith Childress, Jr.,

*Plaintiffs - Appellants*,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOJ - UNITED STATES DEPARTMENT OF JUSTICE; ROBERT BOHANON; BLAKE WALFORD; JAMES LEDOGAR,

No. 24-5580

D.C. No. 2:16-cv-03039-APG-NJK

ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF NEVADA

*Defendants - Appellees*,

and

BRIAN MONTANA, UNITED
STATES MARSHALS SERVICE,

*Defendants*.

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, Chief District Judge, Presiding

Argued and Submitted October 6, 2025
Las Vegas, Nevada

Filed January 2, 2026

Before: Mark J. Bennett, Gabriel P. Sanchez, and Holly A.
Thomas, Circuit Judges.

### SUMMARY[*]

### Certification to Supreme Court of Nevada

In an action arising from a lethal shooting in which police officers mistakenly believed that a suspect carried a

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

firearm, the panel certified the following two questions to the Supreme Court of Nevada:

1. Under Nevada law, can a plaintiff raise a theory of negligence based on an officer's intentional use of force?

2. Is "reasonable care" under Nevada negligence law co-extensive with "reasonableness" under the Fourth Amendment?

In a concurrently filed memorandum disposition, the panel affirmed the district court's grant of summary judgment to defendants on plaintiffs' Fourth Amendment excessive force claim based on defendants' first volley of shots and Fourteenth Amendment interference with familial relationship claim.

## ORDER

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we respectfully certify the following two questions to the Supreme Court of Nevada:

1. Under Nevada law, can a plaintiff raise a theory of negligence based on an officer's intentional use of force?
2. Is "reasonable care" under Nevada negligence law co-extensive with "reasonableness" under the Fourth Amendment?

The answer to these questions will be determinative of the cause pending before this court as there is no controlling precedent in the decisions of the Supreme Court of Nevada or the Nevada Court of Appeals.  Nev. R. App. P. 5(a).  We do not intend our framing of these questions to restrict the Supreme Court of Nevada's consideration of any issues it determines are relevant.  Should the Supreme Court of Nevada decide to consider the certified questions, it may, in its discretion, reformulate the questions.  *See Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).  If the Court agrees to decide these questions, we will accept its decision.  We hold Plaintiffs' negligence claim in abeyance pending the result of certification.

## I.

This case concerns a lethal shooting in which police officers mistakenly believed that a suspect carried a firearm. We briefly summarize the facts.  On March 14, 2013, Keith Childress was indicted on charges of armed robbery and kidnapping in Arizona.  He fled Arizona and crossed into Nevada.  On December 30, 2015, U.S. Marshals located Childress at his uncle's home in Las Vegas and, on December 31, attempted to apprehend Childress.  Childress fled on foot.  The U.S. Marshals requested assistance from the Las Vegas Metropolitan Police Department ("LVMPD").  A U.S. Marshal incorrectly reported that Childress was suspected of "attempted homicide."  LVMPD officers were also informed that a firearm had been found in Childress's uncle's car and that Childress may have access to a firearm.

LVMPD Sergeant Robert Bohanon and Officer Blake Walford responded to the call and identified Childress walking on the right side of the road in a cul-de-sac.

Bohanon commanded Childress to "get on the ground" and show his "hands," but Childress ignored the commands and instead crossed to the left side of the street.

The officers advanced and crouched behind a vehicle beside two U.S. Marshals. Bohanon told Walford that Childress had a firearm in his right hand. Bohanon repeatedly commanded Childress to drop his "gun" and show his "hands." Bohanon also warned, "If you advance on us, you will be shot."

Childress then walked quickly toward the officers. The officers testified that they could not see Childress's right hand as he approached them. According to the officers, Childress's hand was either in his pant pocket or hidden behind his legs. Bohanon and Walford opened fire when Childress came within 45 feet of them. Bohanon fired two rounds, and Walford fired two or three rounds. Childress was struck by the first volley of shots and fell to the ground. After a two-second pause, Bohanon fired two more shots as Childress lay on the ground. Walford paused for five seconds before firing two or three additional shots. Neither U.S. Marshal fired upon Childress.

After the second volley of shots was fired, Officer James Ledogar released a police dog onto Childress, which bit him for fifteen seconds. The officers then handcuffed and searched Childress's body. They found a black phone in Childress's right front pocket but no gun. Medical personnel arrived and pronounced Childress dead at the scene.

Childress's estate, parents, and three minor children ("Plaintiffs") sued Bohanon, Walford, Ledogar, and LVMPD ("Defendants"), asserting, *inter alia*, a Fourth Amendment excessive force claim against Bohanon and Walford for firing their weapons, a Fourth Amendment

excessive force claim against Ledogar for his deployment of a police dog, and state law negligence and battery claims against all the officer Defendants. As to Plaintiffs' Fourth Amendment claims, the district court granted Defendants' motion for summary judgment concerning Bohanon and Walford's first volley of shots. The court concluded that the officers had a reasonable albeit mistaken belief that Childress was armed and posed an immediate threat to their safety, and that their use of force was reasonable as a matter of law. The district court denied summary judgment as to Bohanon and Walford's second volley of shots and Ledogar's deployment of the police dog while Childress lay on the ground. Following a trial, the jury returned a verdict in Defendants' favor on Plaintiffs' remaining Fourth Amendment claims.

As for Plaintiffs' negligence claim, the district court determined that Nevada law did not allow Plaintiffs to assert a negligence theory of liability based on the officers' intentional use of force. Observing that Nevada law is unclear on this question, the district court agreed with the Supreme Court of Arizona, which held that "plaintiffs cannot assert a negligence claim based solely on an officer's intentional use of physical force." *Ryan v. Napier*, 425 P.3d 230, 233 (Ariz. 2018). The district court accordingly excluded the officers' shootings from the jury's negligence evaluation and instructed the jury to evaluate only the officers' "alleged failure to properly and adequately assess the need to use force against Childress after the first volley of shots until the time the police dog was taken off of Childress." The jury determined that Bohanon and Walford were 25% negligent and Childress was 75% negligent. The jury awarded Plaintiffs $150,000 in damages, but under

Nevada's modified comparative fault regime, *see* Nev. Rev. Stat. § 41.141, Plaintiffs' award was reduced to $0.

Plaintiffs timely appealed to our court. We affirm in a concurrently filed memorandum disposition the district court's grant of summary judgment to Defendants on the Fourth Amendment excessive force claim based on the first volley of shots and Fourteenth Amendment interference with familial relationship claim. Plaintiffs' negligence claim, however, raises unsettled questions of state law on which we request guidance.

## II.

Nevada law permits certification of a state law question from a federal court when there are "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state." Nev. R. App. P. 5(a).

No controlling precedent from the Nevada appellate courts resolves these two questions. Defendants maintain that a negligence claim cannot be based on an intentional use of force because, as a matter of tort principles, negligent conduct is separate from intentional conduct. Plaintiffs point to recent decisions by the Supreme Court of Nevada on officers' intentional uses of force that suggest otherwise. None of those authorities, however, resolve the two questions we certify.

Some precedent suggests that negligence cannot be based on an intentional act, as Defendants argue. In *Rocky Mountain Produce Trucking Company v. Johnson*, 369 P.2d 198 (Nev. 1962), the Supreme Court of Nevada explained

that, as a general matter, negligence is mutually exclusive with intentional tort. *Id.* at 201–02. The Court held that "wanton misconduct did not exist as a matter of law" in a collision between two drivers. *Id.* at 203. The Court differentiated "wanton misconduct" from "negligent" and "intentional" conduct by defining all three terms to show the defendant driver's conduct was only "negligent" but not "wanton." *Id.* at 201–02. In its discussion, the Court explained:

> Negligence is an unintentional tort . . . . A negligent person has no desire to cause the harm that results from his carelessness. And he must be distinguished from a person guilty of willful misconduct, such as assault and battery, who intends to cause harm. Willfulness and negligence are contradictory terms. If conduct is negligent, it is not willful; if it is willful, it is not negligent.

*Id.* (quotations and citations omitted).

This principle finds support in persuasive tort authorities. *See* Restatement (Second) of Torts § 282 cmt. d (A.L.I. 1965) (noting that negligence "excludes conduct which creates liability because of the actor's intention to invade a legally protected interest"); Restatement (Third) of Torts: Physical and Emotional Harm § 1 cmt. d (A.L.I. 2010) ("In a negligence case the defendant does not desire to cause harm . . . .").

Still, the general principle set forth in *Rocky Mountain* does not establish that negligence claims cannot be based on a police officer's intentional use of force. *Rocky Mountain* did not involve an officer's use of force, nor did it address

plaintiffs who assert concurrent Fourth Amendment excessive force and state law negligence claims. Moreover, the Supreme Court of Nevada has never applied *Rocky Mountain*'s reasoning to hold that negligence cannot be based on the same set of facts that can support an intentional tort; it has instead applied that principle to hold that negligent conduct is not intentional conduct. *See, e.g.*, *Tahoe Vill. Homeowners Ass'n v. Douglas County*, 799 P.2d 556, 558 (Nev. 1990) (per curiam) ("Willful misconduct requires some degree of intent to do harm, yet Tahoe's complaint contains no allegations regarding intent."); *Lee v. Lamar Cent. Outdoor, LLC*, 130 Nev. 1208, 2014 WL 1319180, at *3 (Nev. 2014) (unpublished disposition) (finding no willfulness where plaintiff alleged only negligence and failed to offer evidence of willfulness).

Other recent Supreme Court of Nevada decisions suggest that a police officer's intentional use of force can give rise to negligence liability, as Plaintiffs argue. In *Estate of Brenes v. Las Vegas Metropolitan Police Department*, the Court denied the defendants' claim of discretionary immunity and reversed a grant of summary judgment for officers on battery and negligence claims where evidence was presented before the district court that the "use of lethal force was objectively unreasonable" under the Fourth Amendment. 468 P.3d 368, 2020 WL 4284335, at *1 & n.2 (Nev. 2020) (unpublished disposition). *Brenes* suggests that the Supreme Court of Nevada would hold that a negligence claim can be based on an officer's intentional use of force. As an unpublished disposition, however, *Brenes* is not controlling. *See* Nev. R. App. P. 36(c)(2).

In *Paulos v. FCH1, LLC*, the state trial court "concluded that issue preclusion applied to [a] negligence claim" against a police officer with respect to a use of force incident

because a federal district court "had determined that [the officer] acted reasonably under the Fourth Amendment and the issue of reasonableness under the Fourth Amendment was identical to that under Nevada negligence law."  456 P.3d 589, 593 (Nev. 2020) (en banc).  The Supreme Court of Nevada reversed and held that the judgment of the federal district court was not final and preclusive on the issue of reasonableness because the Ninth Circuit had affirmed on a different prong of the qualified immunity analysis.  *Id.* at 595.  In doing so, the Court noted that recent caselaw has "called into question" whether "reasonableness under the Fourth Amendment is identical to reasonableness under Nevada's negligence law," but the Court declined to resolve that issue.  *Id.* at 595 n.2.

Like the parties, federal district courts are divided on the questions we certify today.  These courts have acknowledged that "[t]he Supreme Court of Nevada has not expressly addressed the issue of whether a police officer can be liable under a negligence theory based on the same facts as battery, excessive force, or other intentional tort claims." *DeCastro v. Las Vegas Metro. Police Dep't*, No. 2:23-cv-00580-APG-EJY, 2024 WL 4189939, at *22 (D. Nev. Sep. 12, 2024).  When confronted with this issue, however, district courts have resolved it differently.

Some district courts predict that "the Supreme Court of Nevada would agree with the Supreme Court of Arizona that 'negligence and intent are mutually exclusive grounds for liability,' and there is no cognizable claim for the 'negligent use of intentionally inflicted force.'"  *Id.* (quoting *Ryan*, 425 P.3d at 236); *see also, e.g.*, *Wells v. City of Las Vegas*, No. 2:21-CV-1346 JCM (EJY), 2024 WL 2028007, at *16 (D. Nev. May 7, 2024) (predicting that the Supreme Court of Nevada would hold that "liability under a negligence theory

cannot be based on an *intentional* use of force"); *Sommer v. Las Vegas Metro. Police Dep't*, No. 2:23-cv-01682-GMN-NJK, 2025 WL 1180174, at *13 n.2 (D. Nev. Apr. 22, 2025) ("[T]o the extent Plaintiff's negligence claim is based on an intentional use of force, it cannot form the basis of her negligence claim.").

Other district courts have rejected such a prediction. *See, e.g.*, *Llera v. Las Vegas Metro. Police Dep't*, No. 2:20-cv-01589-RFB-BNW, 2023 WL 6393092, at *16 (D. Nev. Sep. 30, 2023) (noting the absence of "binding or persuasive authority that the negligence and battery causes of action are mutually exclusive and cannot be alleged together as a matter of law"); *Murnane v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-01088-MMD-PAL, 2016 WL 10806738, at *11 (D. Nev. Mar. 31, 2016) (concluding the same because the plaintiffs' "negligence claim sweeps more broadly" than intentional tort claims).

In the absence of controlling precedent, the parties turn to out-of-state authorities. Plaintiffs invoke California law, which permits plaintiffs to assert a negligence claim based on an officer's intentional use of force. *See Hayes v. County of San Diego*, 305 P.3d 252, 262 (Cal. 2013) (holding that the "reasonable care" standard of negligence and the Fourth Amendment "reasonableness" standard are distinct). Defendants, like the district court here, invoke Arizona law, which prohibits plaintiffs from "assert[ing] a negligence claim based solely on an officer's intentional use of physical force." *Ryan*, 425 P.3d at 233.

The answers to the questions we certify may determine the outcome of this case. As discussed, the jury determined that Defendants were negligent, but only based on the officers' "failure to properly and adequately assess the need

to use force" prior to firing a second volley of shots. Had the jury been allowed to consider whether Defendants were negligent in firing a second volley of shots as Childress lay on the ground, then the jury's negligence verdict and apportionment of fault could have materially differed. As to our second certified question, if the standard for "reasonableness" under the Fourth Amendment is identical to the standard of "reasonable care" under Nevada negligence law, then the district court's grant of summary judgment and the jury's verdict for Defendants on the Fourth Amendment claims would foreclose Plaintiffs' negligent use of force claim.

We therefore certify the two questions set forth above to the Supreme Court of Nevada. "We invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). In deciding whether to certify a question of state law, we consider whether the question involves "important public policy ramifications," whether it is "new, substantial, and of broad application[,]" "the state court's caseload[,]" and "the spirit of comity and federalism." *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (quotations omitted). We recognize that the Court has a substantial caseload, and we submit these questions because of their importance to negligence claims that frequently arise in federal courts, as well as their potential to advance uniformity among federal courts.

## III.

Pursuant to Nevada Rule of Appellate Procedure 5(c)(4), if our request for certification is granted, we designate Plaintiffs as the appellants and Defendants as the appellees

in the Supreme Court of Nevada.  Pursuant to Rule 5(c)(5), the names and addresses of counsel for the parties are:

> For Plaintiffs:  Dale K. Galipo and Hang D. Le, Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

> For Plaintiffs:  Peter Goldstein, Law Office of Peter Goldstein, 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

> For Defendants:  Craig R. Anderson, Marquis Aurbach Coffing, 10001 Park Run Drive, Las Vegas, Nevada 89145.

The Clerk of this Court is hereby directed to transmit to the Supreme Court of Nevada, under official seal of this court, a copy of this order and request for certification and all relevant briefs and excerpts of record.  Submission of this case is withdrawn, and the case will be submitted following receipt of the Supreme Court of Nevada's opinion on the certified question or notification that it declines to answer the certified question.  The Clerk is directed to administratively close this docket pending further order. The parties shall notify the Clerk of this court within one week after the Supreme Court of Nevada accepts or rejects certification.  In the event the Supreme Court of Nevada grants certification, the parties shall notify the Clerk within one week after the Court renders its decision.

It is so **ORDERED**.

 /s/ Gabriel P. Sanchez
Gabriel P. Sanchez, Circuit Judge, Presiding